REYNOLDS et ux. v. MANGRUM.

No. 2944.

Court of Civil Appeals of Texas. Eastland.

June 27, 1952.

Rehearing Denied July 19, 1952.

Virgil T. Seaberry Jr., Turner & Seaberry, Eastland, for appellants.

Harrell & Harrell, Breckenridge, for appellee.

LONG, Justice.

Ona Mangrum instituted this suit against Jesse H. Reynolds and wife to determine the ownership of one-eighth of the oil, gas and other minerals under two tracts of land situated in Eastland County, Texas. Upon a trial before the court without a jury, judgment was entered in favor of Mrs. Mangrum for the title and possession of said one-eighth mineral interest. From this judgment, Reynolds and wife have appealed.

The father of appellee, W. L. Parmer, who is the common source of title, was first married to Mary E. Parmer. To this marriage ten children were born, eight of whom are now living. Appellee was born of this marriage. Thereafter, W. L. Parmer married Mrs. Lou Hennington who had been previously married and who had three children by her former marriage. There was born to W. L. Parmer and his second wife, Lou Hennington Parmer, one child, Travis E. Parmer.

The property involved in this suit was the community property of W. L. Parmer and Lou Hennington Parmer. Lou Hennington Parmer died in 1940 intestate. After the death of Lou Hennington Parmer, W. L. Parmer bought the interest of her children by her former marriage in all of the property belonging to their community estate. Thereafter, W. L. Parmer executed and delivered deeds to each of his children by both marriages conveying specific tracts of land as such child's part in all of the land owned by him and each child, including Travis E. Parmer, went into possession of the land so deeded and did not thereafter claim any interest in any of the other property belonging to W. L. Parmer and the estate of Lou Parmer. Shortly after the execution of these deeds, W. L. Parmer died.

Mrs. Mangrum sold to appellants the surface and one-half of the minerals in the two tracts of land conveyed to her by her father. About a year after the execution and delivery of the deed from Mrs. Mangrum to Jesse H. Reynolds and wife, Travis E. Parmer executed a quitclaim deed covering the land in question to appellants. It is the contention of appellants that at the time Mrs. Mangrum executed the deed in their favor to the land in question that she only owned seven-eighths of the surface and minerals in and under such lands and that at that time Travis E. Parmer was the record owner of one-eighth of the surface and minerals of such land. It is their further contention that appellee's deed vested in appellants seven-eighths of the surface and one-half of the minerals and that when Travis E. Parmer executed a quitclaim deed to a one-eighth interest in the surface and minerals that there was then vested in appellants all of the surface and five-eighths of the minerals. We agree with the contention that appellee's deed conveyed to appellants one-half of the minerals. Duhig v. Peavy-Moore Lumber Co., Inc., 135 Tex. 503, 144 S.W.2d 878. We are further of the opinion that appellee's deed conveyed to appellants all of the surface of the land. It is our opinion that at the time of the execution thereof that Travis E. Parmer had no interest in the land. There is ample testimony to support the implied finding that the heirs of W. L. Parmer entered into a parol partition of the real estate which was coupled with possession by the respective heirs. The evidence shows that W. L. Parmer, the father of appellee, executed deeds to each of his children conveying to them certain designated tracts out of the 2,400 acres of land that he owned; that each of his children went into possession of the land so deeded to them and did not thereafter lay any claim to the

remainder of the estate of W. L. Parmer. Travis E. Parmer testified that he did not claim any interest in the land involved in this suit at the time he executed the quitclaim deed. There is evidence that after the parol partition was made the heirs thought it advisable to make quitclaim deeds to each other in order that there might not be any question about their titles. M. M. Parmer, brother of appellee and one of the heirs, had Hon. Robert E. Grantham, an Attorney of Cisco, prepare quitclaim deeds. It was decided that in view of the fact that Mrs. Mangrum had sold her part of the estate, less one-half of the minerals, to appellants, that the quitclaim deed to that land should be made to them. There is ample evidence that Mr. Reynolds knew nothing of the quitclaim deed until after it had been executed and filed for record. There is evidence that he paid no consideration for the deed. There is also evidence that after the deed had been executed and placed of record, he voluntarily paid for having the deed prepared and the cost incurred in having it placed of record. The deed was executed by Travis E. Parmer for the purpose of confirming the parol partition of the land theretofore made between the heirs. It is well settled in this State that a parol partition of real estate, coupled with possession by the respective cotenants is valid. Edwards v. Edwards, Tex.Civ.App., 52 S.W.2d 657 (Writ Ref.).

It is our opinion that the equitable title to the land involved was vested in Mrs. Mangrum at the time she executed the deed to appellants; that Travis E. Parmer had no interest therein at that time or at the time he executed the quitclaim deed. It is our opinion that the quitclaim deed conveyed no title to appellants.

The record is conclusive that appellants bought and paid for all of the surface of the land and one-half of the minerals therein. There is no question but what they acquired good title thereto at the time of the execution and delivery of the deed from appellee to them. The deed from appellee to appellants gave appellants, their heirs and assigns, the right to execute oil, gas and other mineral leases on the one-half mineral

interest reserved by appellee, without her joinder. The rights of the parties with reference thereto were fixed at the execution of this deed.

The judgment of the trial court is affirmed.