**Anna Wilson STRADT, Appellant,**

v.

**FIRST UNITED METHODIST CHURCH OF HUNTINGTON, Appellee.**

No. 8076.

Court of Civil Appeals of Texas.

Feb. 9, 1978.

Rehearing Denied March 9, 1978.

---

Robert L. Flournoy, Lufkin, for appellant.

William Drew Perkins, Lufkin, for appellee.

KEITH, Justice.

In this trespass to try title case plaintiff below sought to recover an undivided one-fourth interest in a tract consisting of 177 acres of land. Trial was to a jury and, upon the basis of the answers to the special issues, judgment was rendered for defendant. We will speak of the parties as they appeared in the trial court.

Plaintiff is the daughter of Dr. H. M. Wilson and Anna D. Wilson. Dr. Wilson acquired the land in dispute in 1911 prior to the death of plaintiff's mother. When Anna D. Wilson died intestate in 1912, she was survived by plaintiff and a son, P. R. Wilson. No probate proceedings were had in relation to her estate.

In 1917, Dr. Wilson, without joinder or reference to his children, conveyed this tract (along with several other tracts of land) to A. C. Wilson, the wife of his brother. A. C. Wilson, joined by her husband, reconveyed the property to Dr. Wilson in 1921, the deed reciting that the cash consideration therefor was paid by Dr. Wilson "out of the community estate of himself and deceased wife, A. D. Wilson."

In 1946, Dr. Wilson conveyed six separate tracts of land to plaintiff and her brother, aggregating approximately sixteen hundred acres. There was a recital in this deed of a cash consideration of $2,500 and "for the love and affection, I do have for my son and daughter."[1] This was a conveyance of "all that certain undivided interest in the following tracts, to-wit: being the community estate of myself and my wife, *Ana* D. Wilson now deceased, who is the mother of P. R. Wilson and *Ana* Elizabeth (Wilson) Stradt . . . .."

Dr. Wilson was a life-long member of the Baptist Church but his second wife of many years, was a member of the First Methodist Church in Huntington. On November 30, 1949, Dr. Wilson executed two deeds: (1) to the First Methodist Church in Huntington of the land now in suit—177 acres; and (2) to the First Baptist Church in Huntington —275 acres.

In 1961, P. R. Wilson, plaintiff's brother, quitclaimed all his right, title and interest in the tract in dispute to the defendant Methodist Church, reserving a one-fourth interest in the oil, gas, and minerals. Plaintiff did not join in either of the deeds to the defendant church;[2] but, on December 2, 1976, she filed this suit in trespass to try title, seeking to recover an undivided one-fourth interest therein together with a money judgment for the timber sold therefrom.

Defendant interposed the plea of not guilty and the several statutes of limitations but offered no evidence on the limitation defenses so pleaded. However, it did offer evidence tending to show that Dr. Wilson and his first wife, Anna, acquired 2,061 acres of land during their marriage and that, in 1946, Dr. Wilson conveyed to his children 1,623 acres of such land.

The trial court submitted two issues to the jury: (1) the 1946 conveyance of the 1,600 acres to plaintiff and her brother was in full settlement of plaintiff's interest in her mother's estate; and (2) plaintiff accepted the land so conveyed in full settlement of all claims against her mother's estate. The judgment followed the verdict and plaintiff now seeks a reversal upon two

1. Plaintiff made it clear in her testimony that there was very little love and affection between her and her father, she having been reared by a maternal aunt with practically no contact with her father during her youth, formative years, or thereafter.

2. It was shown by the county tax records that taxes were assessed against Dr. Wilson from 1939 to 1950 and thereafter in the name of the "Methodist Church." The taxes on the entire tract were delinquent for the year 1950 and the years 1956 through 1974. Plaintiff rendered and paid taxes (at a time not shown in our record) for the years 1950 through 1976 on 44.25 acres in the tract.

points of error: (1) no evidence to support the findings and (2) factually insufficient evidence to support such findings.

We have examined the evidence under the appropriate standards of review [see, e. g., *Garza v. Alviar*, 395 S.W.2d 821, 823 (Tex.1965)], and overrule each of the points of error for the reasons now to be stated.

 If Dr. Wilson conveyed a portion of the community estate to his daughter in settlement of the latter's interest in her mother's estate and it was accepted by plaintiff by going into possession thereof, the effect of the transaction was a partition of their respective interests in the community lands, regardless of the words used in effecting the transaction. *Edwards v. Edwards*, 52 S.W.2d 657, 661 (Tex.Civ.App.—Austin 1932, writ ref'd) (on rehearing). See also *Garza v. De Montalvo*, 147 Tex. 525, 217 S.W.2d 988, 994 (1949).

Unquestionably, plaintiff accepted her undivided interest in the 1600 acres, along with her brother, and it is significant to note that while she testified at some length upon the trial, she never contended that the transaction involving the 1600 acres was *not* a settlement of her interest in her mother's estate. This is particularly impressive when we realize that plaintiff waited for nearly thirty years to assert her claim to the land involved in this suit; and that all persons who might have had knowledge of the transaction were dead when she filed suit.

The defendant church invokes the rule announced in *Robinson v. O'Connor*, 181 S.W.2d 935, 939 (Tex.Civ.App.—El Paso 1944, writ ref'd w. o. m.):

"A voluntary agreement of partition by joint owners of land when of ancient date may be shown by circumstances and inferences from the acts of the parties and their acquiescence in such acts."

It has long been recognized in this State that where several parcels are owned in common, the common owners may agree to partition their lands so that each owner receives a separate tract in severalty. See *Bunting v. McConnell*, 545 S.W.2d 30, 31 (Tex.Civ.App.—Houston [1st Dist.] 1976, no writ).

Under the record which we review, bearing in mind particularly that plaintiff did not dispute the partition theory advanced by the church, we find that the evidence is legally and factually sufficient to support the verdict and findings of the jury.

The judgment is affirmed.

AFFIRMED.

It appearing to the court that the issues involved herein have been settled by clear authority of long standing and present no question or application of any rule of law of interest or importance to the jurisprudence of the State, it is ORDERED, pursuant to Tex.R.Civ.P. 452, that the opinion not be published.