NUMBER 13-08-00199-CV



COURT OF APPEALS





THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG


 


JOHN SCOTT FLEMING, Appellant,


v.


JERRY PATTERSON, LAND COMMISSIONER

OF THE STATE OF TEXAS AND CITY OF 

CORPUS CHRISTI, Appellees.

 




On appeal from 214th District Court


of Nueces County, Texas.


 




O P I N I O N



Before Chief Justice Valdez and Justices Yañez and Benavides


Opinion by Justice Benavides


 John Scott Fleming, appellant, appeals from the trial court's order granting pleas to
the jurisdiction in favor of appellees, Jerry Patterson, Land Commissioner of the State of
Texas ("Patterson"), and the City of Corpus Christi (the "City"). We affirm.



I. Background

 Fleming initially sued the State of Texas and the City asserting ownership of certain
lots on Mustang Island near Corpus Christi, Texas. The lots were included in land the
State leased to the City. Fleming claimed that the State and the City, as the State's
lessee, had no rights to the property at issue and asked the trial court to issue a
declaratory judgment clarifying the parties' rights to the property. Additionally, Fleming
asked the trial court to both try and quiet title "as appropriate." Both the State and the City
filed pleas to the jurisdiction asserting sovereign immunity and governmental immunity,
respectively. (1)

 On April 4, 2007, the trial court held a hearing on the State's plea to the jurisdiction. (2) 
The same day, Fleming filed a "Supplemental Petition" adding as defendants in their official
capacities: (1) the "State Land Commissioner;" and (2) "all Officials through which the
State of Texas acts." At the April 4, 2007 hearing, the State presented evidence, including
the testimony of its surveyor, asserting its title and right of possession to the property. The
testimony confirmed that Fleming's asserted title conflicts with the State's. The hearing
exclusively involved evidence presented on behalf of the State, and no evidence was
presented on behalf of any state officials. During Fleming's cross-examination of the
State's surveyor, counsel for the State reiterated that, at the time of the hearing, Fleming
"has sued the State of Texas, and we're here on behalf of the State of Texas . . . and no
state official is really a party . . . ." Fleming later stated that "as soon as we add the names
of [the State officials], the court will clearly have additional jurisdiction under [Lain]." See
State v. Lain, 162 Tex. 549, 349 S.W.2d 579, 581-82 (1961).

 On September 20, 2007, Fleming filed his "Second Supplemental Petition and
Partial Nonsuit," in which he nonsuited all parties except for the City and specifically named
as the defendant "Jerry Patterson as Chairman of the School Land Board and as
Commissioner of the General Land Office." That same day, the trial court held a hearing
on Patterson's plea to the jurisdiction. Patterson offered the same evidence admitted on
the State's behalf during the April 4, 2007 hearing. That evidence was admitted into the
record of the September 20, 2007 hearing. Fleming did not introduce any evidence at this
hearing.

 On November 5, 2007, the trial court granted Patterson's plea to the jurisdiction. 
On January 30, 2008, the trial court granted the City's plea to the jurisdiction. Fleming
appealed.

II. Jerry Patterson

A. Standard of Review

 A plea to the jurisdiction challenges the court's subject-matter jurisdiction and
comprises a question of law which we review de novo. See Tex. Natural Res.
Conservation Comm'n v. IT-Davy, 74 S.W.3d 849, 855 (Tex. 2002); Bland Indep. Sch. Dist.
v. Blue, 54 S.W.3d 547, 554 (Tex. 2000). A court lacks subject-matter jurisdiction over a
governmental defendant when that defendant is immune from suit. Tex. Ass'n of Bus. v.
Tex. Air Control Bd., 852 S.W.2d 440, 443 (Tex. 1993). 

 To determine subject-matter jurisdiction, we begin with the pleadings. Tex. Dep't
of Wildlife v. Miranda, 133 S.W.3d 217, 226 (Tex. 2004). The plaintiff must plead facts
affirmatively demonstrating the court's subject-matter jurisdiction. Tex. Air Control Bd., 852
S.W.2d at 446. We are to construe the pleadings liberally, look to the pleader's intent, and
accept the pleader's factual assertions as true. See Miranda, 133 S.W.3d at 226, 228. 
When the plea to the jurisdiction challenges the existence of jurisdictional facts, we resolve
the jurisdictional facts by considering the evidence presented by the parties. Bland, 54
S.W.3d at 555.


 When the evidence presented creates a fact issue, the plea to the jurisdiction must
be denied and the fact question answered by the fact finder. Miranda, 133 S.W.3d at 227-28. "[I]f the relevant evidence is undisputed or fails to raise a fact question on the
jurisdictional issue, the trial court rules on the plea to the jurisdiction as a matter of law." 
Id. at 228. This standard is similar to that of a traditional motion for summary judgment. 
Id. "[A]fter the state asserts and supports with evidence that the trial court lacks subject[-]matter jurisdiction, we simply require the plaintiffs, when the facts underlying the merits
and subject[-]matter jurisdiction are intertwined, to show that there is a disputed material
fact regarding the jurisdictional issue." Id.

B. Analysis

 In his plea to the jurisdiction, Patterson argued that a suit against him as a
government official is a suit against the State, and that, absent a waiver of sovereign
immunity, the State, and therefore Patterson, is immune from Fleming's lawsuit. While we
affirm the order of the trial court dismissing Patterson, due to the nature of the underlying
lawsuit, we do not agree with Patterson's assertion.

 1. Nature of the Suit

 The parties disagree as to the nature of Fleming's lawsuit: Fleming asserts that he
is merely seeking a declaration that "the State of Texas and its lessee have no rights in the
property . . . ," and Patterson claims that the action is one of trespass to try title. We
conclude that the action is a trespass to try title action under section 22.001(a) of the
property code. See Tex. Prop. Code Ann. § 22.001(a) (Vernon 2000).

 In his original petition, Fleming sought declaratory relief (3) and asked the trial court
"to both try title and quiet title as appropriate to establish title to these lots . . . ." Fleming
then concluded that the court "should grant all requested relief." Fleming continued to seek
this relief through his first and second supplemental petitions. The Texas Legislature has
mandated that "[a] trespass to try title action is the method of determining title to lands,
tenements, or other real property." Id.; see Martin v. Amerman, 133 S.W.3d 262, 264-65
(Tex. 2004). Therefore, we conclude that Fleming's action is one of trespass to try title and
not one merely seeking a declaratory judgment. See State v. BP Am. Prod. Co., 290
S.W.3d 345, 352, 361, 363 (Tex. App.-Austin 2009, pet. filed) (holding that sovereign
immunity bars a declaratory judgment claim wherein the plaintiff sought a declaration
establishing title to property also claimed by the State) (citing Tex. A&M Univ. Sys. v.
Koseoglu, 233 S.W.3d 835, 839-40 (Tex. 2007)). 

 2. Effect of Sovereign Immunity on Trespass to Try Title Suit

 Patterson argues that Fleming failed to demonstrate that sovereign immunity has
been waived in trespass to try title suits brought against State officials acting in their official
capacity. Fleming, however, asserts that under Lain, among other cases, sovereign
immunity does not bar his claim against Patterson in his official capacity. See 349 S.W.2d
at 581-82. Patterson attempts to rebut this argument by citing cases, including IT-Davy,
which hold that a suit against a government official acting within the scope of his authority
is a suit against the State. See 74 S.W.3d at 855-56. Patterson states that "if a State
official asserts the State's title to such property, in the exercise of his discretion, then
immunity bars the lawsuit and the plaintiff must go to the [l]egislature for permission to
have the suit tried in court." We disagree with Patterson's interpretation of how the law
applies in this specific case.

 Our sister court, the Austin Court of Appeals, dealt with this same issue in BP Am.
Prod. Co., 290 S.W.3d at 352, 354. In determining that sovereign immunity does not bar
a trespass to try title claim against a governmental official acting in his official capacity, the
Austin Court stated that "[s]ome of the conceptual underpinnings of Lain are not easily
reconciled with contemporary Texas sovereign immunity jurisprudence. Nonetheless, the
Texas Supreme Court has never overruled Lain, and it remains squarely controlling
precedent that we are bound to apply here unless and until the high court tells us
otherwise." Id. at 356-57 (internal citations omitted). We agree that Lain is still controlling
precedent, and we must follow it here. See Petco Animal Supplies, Inc. v. Schuster, 144
S.W.3d 554, 565 (Tex. App.-Austin 2004, no pet.) ("As an intermediate appellate court,
we are not free to mold Texas law as we see fit but must instead follow the precedents of
the Texas Supreme Court unless and until the high court overrules them or the Texas
Legislature supersedes them by statute.").

 The supreme court noted in Lain that "[w]hen suit for recovery of title to and
possession of land, filed without legislative consent, is not against the state itself, but is
against individuals only, the mere assertion by pleading that the defendants claim title or
right of possession as officials of the state and on behalf of the state, will not bar
prosecution of the suit." Lain, 349 S.W.2d at 582. This is so because:

 [o]ne who takes possession of another's land without legal right is no
less a trespasser because he is a state official or employee, and the owner
should not be required to obtain legislative consent to institute a suit to oust
him simply because he asserts a good faith but overzealous claim that title
or right of possession is in the state and that he is acting on behalf of the
state.


Id. at 581; see BP Am. Prod. Co., 290 S.W.3d at 357-58 (noting that "[t]he central holding
of Lain . . . is that sovereign immunity does not bar a plaintiff from suing a state official in
possession of property that plaintiff claims to determine, as between those parties, which
party has the superior title or right of possession" and to recover possession if plaintiff
prevails); see also State v. Beeson, 232 S.W.3d 265, 271 n.5 (Tex. App.-Eastland 2007,
pet. abated) (stating that, in a trespass to try title action, "state officials named as
defendants are not entitled to defeat the court's subject[-]matter jurisdiction by asserting
sovereign immunity").



 3. Duties of the Trial Court

 For cases such as the one before us, the supreme court laid out the duties of the
trial court:

 When in this state the sovereign is made a party to a suit for land without
legislative consent, its plea to the jurisdiction of the court based on sovereign
immunity should be sustained in limine. But the cited cases clearly
recognize that when officials of the state are the only defendants, or the only
remaining defendants, and they file a plea to the jurisdiction based on
sovereign immunity, it is the duty of the court to hear evidence on the issue
of title and right of possession and to delay action on the plea until the
evidence is in. If the plaintiff fails to establish his title and right of
possession, a take nothing judgment should be entered against him as in
other trespass to try title cases.[ (4)
] If the evidence establishes superior title
and right of possession in the sovereign, the officials are rightfully in
possession of the sovereign's land as agents of the sovereign and their plea
to the jurisdiction based on sovereign immunity should be sustained. If, on
the other hand, the evidence establishes superior title and right of
possession in the plaintiff, possession by officials of the sovereign is wrongful
and the plaintiff is entitled to relief. In that event the plea to the jurisdiction
based on sovereign immunity should be overruled and appropriate relief
should be awarded against those in possession.


Lain, 349 S.W. at 582. In cases such as this one, the trial court must take evidence on the
issue of title and right of possession. Id. Thus, "Lain requires the trial court to hold an
evidentiary hearing before ruling on an official's plea to the jurisdiction . . . ." Porretto v.
Patterson, 251 S.W.3d 701, 711 (Tex. App.-Houston [1st Dist.] 2008, no pet.). In fact, the
trial court has a "'duty' to decide the merits of the plaintiff's trespass-to-try-title claim in
order to determine whether sovereign immunity applies." BP Am. Prod. Co., 290 S.W.3d
at 354 (citing Lain, 349 S.W. at 582).


 4. Review of the Trial Court's Actions

 At the September 20, 2007 hearing, the trial court admitted Patterson's evidence
consisting of a judgment and a warranty deed purporting to represent Patterson's title and
right to possession of the property. Fleming did not object to the admission of this
evidence. On November 5, 2007, without filing findings of fact or conclusions of law, the
trial court granted Patterson's plea to the jurisdiction.

 "'In a nonjury trial, where no findings of fact or conclusions of law are filed or
requested, it will be implied that the trial court made all the necessary findings to support
its judgment.'" Holt Atherton Indus., Inc. v. Heine, 835 S.W.2d 80, 84-85 (Tex. 1992)
(quoting Burnett v. Motyka, 610 S.W.2d 735, 736 (Tex. 1980)); see Stallworth v. Stallworth,
201 S.W.3d 338, 334-45 (Tex. App.-Dallas 2006, no pet.). In concluding that it did not
have subject-matter jurisdiction, the trial court must have concluded that the State had
superior title and right of possession and impliedly made all findings necessary to support
that conclusion. See Holt Atherton Indus., 835 S.W.2d at 84-85. 

 "When the appellate record includes the reporter's and clerk's records, these implied
findings are not conclusive and may be challenged for legal and factual sufficiency in the
appropriate appellate court." BMC Software Belgium, N.V. v. Marchand, 83 S.W.3d 789,
795 (Tex. 2002). However, "[w]hile implied findings may be challenged for legal and
factual sufficiency, we do not determine the sufficiency of the evidence supporting the
finding without such a challenge." In re W.J.B., 294 S.W.3d 873, 880 (Tex.
App.-Beaumont 2009, no pet.) (citing BMC Software, 83 S.W.3d at 795; Pat Baker Co. v.
Wilson, 971 S.W.2d 447, 450 (Tex. 1998) ("It is axiomatic that an appellate court cannot
reverse a trial court's judgment absent properly assigned error.")); see Tex. R. App. P.
38.1(f); Sonat Exploration Co. v. Cudd Pressure Control, Inc., 271 S.W.3d 228, 236 (Tex.
2008). Nonetheless, we must construe appellate briefs "reasonably, yet liberally, so that
the right to appellate review is not lost by waiver," and we "should reach the merits of an
appeal whenever reasonably possible." Perry v. Cohen, 272 S.W.3d 585, 587 (Tex. 2008).

 Fleming contends that his claim of title is based on a chain of title dating back at
least 100 years and on adverse possession, referring us to his arguments presented in his
response to the City's no-evidence motion for summary judgment. In the "Statement of
Facts" section of his appellate brief, Fleming states that "the trial court did not address the
merits of the chain of title or adverse possession claims so these issues should not now
be before this Court." He also asserts that "[t]he only issue now before this Court should
be whether the [t]rial [c]ourt had jurisdiction. This is a legal issues [sic] unmixed by
facts . . . . The [t]rial [c]ourt made no factual findings. This is simply a question of law." 

 The remainder of Fleming's brief presents his arguments regarding sovereign
immunity and the propriety of bringing a lawsuit directly against Patterson. Other than
stating that there are title issues remaining for resolution by the trial court, he does not
mention the evidence presented by Patterson. He does not discuss or even allude to the
sufficiency of that evidence. Thus, we find that Fleming has waived any complaint about
the implied findings of the trial court. See In re W.J.B., 294 S.W.3d at 880; see also Alenia
Spazio, S.p.A. v. Reid, 130 S.W.3d 201, 209 (Tex. App.-Houston [14th Dist.] 2003, no
pet.) (finding that while appellants did not explicitly challenge the implied findings, they
presented specific record citations to evidence directly contradicting the trial court's implied
findings and therefore adequately challenged the sufficiency of the evidence underlying the
implied findings); Berg v. AMF Inc., 29 S.W.3d 212, 216 n.1 (Tex. App.-Houston [14th
Dist.] 2000, no pet.) (holding that appellants' failure to cite any authority or to the record
to support their attempted challenge of the implied findings resulted in a waiver of their
challenge). We overrule Fleming's issue as it relates to Patterson.

III. City of Corpus Christi

 The City asserts that Fleming's lawsuit against it is barred by governmental
immunity. Fleming sued only the "City of Corpus Christi"; he did not sue any City officials. 
Thus, the City reasons that under Lain, the outcome of the City's plea to the jurisdiction
must be different than that of Patterson. See Lain, 349 S.W. at 582; see also Bell v. State
Dep't of Highways & Pub. Transp., 945 S.W.2d 292, 294-95 (Tex. App.-Houston [1st Dist.]
1997, writ denied), abrogated in part by Harris County v. Sykes, 136 S.W.3d 635, 639-640
(Tex. 2004).

 As discussed previously, Lain requires that, in order to be able to present evidence
regarding title rights, the plaintiff must sue the governmental officials, not merely the
governmental unit. See BP Am. Prod. Co., 290 S.W.3d at 357-58. While we disagree
with the City's assertion that governmental immunity precludes a determination of title
issues arising between governmental entities and individuals, we agree with it insofar as
it argues that governmental immunity bars suit against the entity itself. (5) Therefore, by
failing to sue any City officials, Fleming failed to invoke the trial court's jurisdiction to
resolve his trespass to try title suit against the City. See Lain, 349 S.W. at 582; BP Am.
Prod. Co., 290 S.W.3d at 357-58. We overrule Fleming's issue as it relates to the City. 

IV. Conclusion

 Having overruled Fleming's sole appellate issue, we affirm the trial court's granting
of the pleas to the jurisdiction. 



 _______________________________

 GINA M. BENAVIDES,

 Justice


 

Delivered and filed the

25th day of February, 2010.


1. The City also filed a no evidence motion for summary judgment to which Fleming filed a response. 
However, the trial court never ruled on the City's motion.
2. There is some uncertainty in the record regarding the date of the hearing. The reporter's record for
the hearing declares the date to be April 4, 2006, yet Fleming did not file his lawsuit until November 2006. 
Fleming asserted that, on April 4, 2007, in open court, he served on the defendants his "Supplemental
Petition," in which he named the "State Land Commissioner," among other officials, as defendants. In
response to the supplemental petition, Patterson filed his original answer and plea to the jurisdiction stating
that a hearing had been held on April 4, 2007 to discuss the State's plea to the jurisdiction. We believe that
the date on the reporter's record is a typographical error and that the hearing was on April 4, 2007.
3. In his original petition, Fleming stated:

 

 [t]he Court should enter declaratory judgment that the State of Texas and its lessee
have no rights in the property at issue described in the attached deed. The State of Texas
and its lessee purport to derive title from sources without title who fraudulently claim to have
title. A judgment exists confirming the fraud with respect to most of the lots but not these
lots . . . .
4. This statement reflects the burden of proof in a trespass to try title case wherein the plaintiff has the
burden to prove his own title and right of possession in the subject property and cannot prevail based entirely
on inadequacies in the defendant's title. See State v. BP Am. Prod. Co., 290 S.W.3d 345, 353 n.16 (Tex.
App.-Austin 2009, pet. filed) (citing Stradt v. First United Methodist Church of Huntington, 573 S.W.2d 186,
189 (Tex. 1978)).

5. In support of its argument, the City cites Gordon v. San Antonio Water Sys. Nos. 04-06-00699-CV,
04-06-00700-CV, 04-06-00701-CV, 04-06-00702-CV, 2007 WL 748692, at *2 (Tex. App.-San Antonio Mar.
14, 2007, pet. denied) (mem. op.). We conclude that Gordon is inapposite because, as the San Antonio Court
of Appeals stated, "because [Gordon's] claims seek to enforce rights [he] allege[s] to exist under the deeds,
the trial court properly granted" the plea to the jurisdiction. Id. at *2. Thus, the San Antonio Court of Appeals
characterized Gordon's lawsuit as one based in contract, not in trespass to try title. Though we agree with
the City that governmental immunity generally bars suit against the governmental entity, we disagree that
Gordon mandates the conclusion that governmental immunity bars a trespass to try title action against
governmental officials.