

NUMBER 13-08-00199-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

JOHN SCOTT FLEMING,                                               Appellant,

v.

JERRY PATTERSON, LAND COMMISSIONER
OF THE STATE OF TEXAS AND CITY OF
CORPUS CHRISTI,                                                  Appellees.

On appeal from 214th District Court
of Nueces County, Texas.

# O P I N I O N

**Before Chief Justice Valdez and Justices Yañez and Benavides
Opinion by Justice Benavides**

John Scott Fleming, appellant, appeals from the trial court's order granting pleas to the jurisdiction in favor of appellees, Jerry Patterson, Land Commissioner of the State of Texas ("Patterson"), and the City of Corpus Christi (the "City"). We affirm.

## I. BACKGROUND

Fleming initially sued the State of Texas and the City asserting ownership of certain lots on Mustang Island near Corpus Christi, Texas. The lots were included in land the State leased to the City. Fleming claimed that the State and the City, as the State's lessee, had no rights to the property at issue and asked the trial court to issue a declaratory judgment clarifying the parties' rights to the property. Additionally, Fleming asked the trial court to both try and quiet title "as appropriate." Both the State and the City filed pleas to the jurisdiction asserting sovereign immunity and governmental immunity, respectively.[1]

On April 4, 2007, the trial court held a hearing on the State's plea to the jurisdiction.[2] The same day, Fleming filed a "Supplemental Petition" adding as defendants in their official capacities: (1) the "State Land Commissioner;" and (2) "all Officials through which the State of Texas acts." At the April 4, 2007 hearing, the State presented evidence, including the testimony of its surveyor, asserting its title and right of possession to the property. The testimony confirmed that Fleming's asserted title conflicts with the State's. The hearing exclusively involved evidence presented on behalf of the State, and no evidence was presented on behalf of any state officials. During Fleming's cross-examination of the State's surveyor, counsel for the State reiterated that, at the time of the hearing, Fleming "has sued the State of Texas, and we're here on behalf of the State of Texas . . . and no state official is really a party . . . ." Fleming later stated that "as soon as we add the names of [the State officials], the court will clearly have additional jurisdiction under [*Lain*]." *See State v. Lain*, 162 Tex. 549, 349 S.W.2d 579, 581-82 (1961).

---

[1] The City also filed a no evidence motion for summary judgment to which Fleming filed a response. However, the trial court never ruled on the City's motion.

[2] There is some uncertainty in the record regarding the date of the hearing. The reporter's record for the hearing declares the date to be April 4, 2006, yet Fleming did not file his lawsuit until November 2006. Fleming asserted that, on April 4, 2007, in open court, he served on the defendants his "Supplemental Petition," in which he named the "State Land Commissioner," among other officials, as defendants. In response to the supplemental petition, Patterson filed his original answer and plea to the jurisdiction stating that a hearing had been held on April 4, 2007 to discuss the State's plea to the jurisdiction. We believe that the date on the reporter's record is a typographical error and that the hearing was on April 4, 2007.

2

On September 20, 2007, Fleming filed his "Second Supplemental Petition and Partial Nonsuit," in which he nonsuited all parties except for the City and specifically named as the defendant "Jerry Patterson as Chairman of the School Land Board and as Commissioner of the General Land Office." That same day, the trial court held a hearing on Patterson's plea to the jurisdiction. Patterson offered the same evidence admitted on the State's behalf during the April 4, 2007 hearing. That evidence was admitted into the record of the September 20, 2007 hearing. Fleming did not introduce any evidence at this hearing.

On November 5, 2007, the trial court granted Patterson's plea to the jurisdiction. On January 30, 2008, the trial court granted the City's plea to the jurisdiction. Fleming appealed.

## II. JERRY PATTERSON

### A. Standard of Review

A plea to the jurisdiction challenges the court's subject-matter jurisdiction and comprises a question of law which we review de novo. *See Tex. Natural Res. Conservation Comm'n v. IT-Davy*, 74 S.W.3d 849, 855 (Tex. 2002); *Bland Indep. Sch. Dist. v. Blue*, 54 S.W.3d 547, 554 (Tex. 2000). A court lacks subject-matter jurisdiction over a governmental defendant when that defendant is immune from suit. *Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 443 (Tex. 1993).

To determine subject-matter jurisdiction, we begin with the pleadings. *Tex. Dep't of Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004). The plaintiff must plead facts affirmatively demonstrating the court's subject-matter jurisdiction. *Tex. Air Control Bd.*, 852 S.W.2d at 446. We are to construe the pleadings liberally, look to the pleader's intent, and accept the pleader's factual assertions as true. *See Miranda*, 133 S.W.3d at 226, 228. When the plea to the jurisdiction challenges the existence of jurisdictional facts, we resolve the jurisdictional facts by considering the evidence presented by the parties. *Bland*, 54 S.W.3d at 555.

3

When the evidence presented creates a fact issue, the plea to the jurisdiction must be denied and the fact question answered by the fact finder. *Miranda*, 133 S.W.3d at 227-28. "[I]f the relevant evidence is undisputed or fails to raise a fact question on the jurisdictional issue, the trial court rules on the plea to the jurisdiction as a matter of law." *Id.* at 228. This standard is similar to that of a traditional motion for summary judgment. *Id.* "[A]fter the state asserts and supports with evidence that the trial court lacks subject[-]matter jurisdiction, we simply require the plaintiffs, when the facts underlying the merits and subject[-]matter jurisdiction are intertwined, to show that there is a disputed material fact regarding the jurisdictional issue." *Id.*

**B.    Analysis**

In his plea to the jurisdiction, Patterson argued that a suit against him as a government official is a suit against the State, and that, absent a waiver of sovereign immunity, the State, and therefore Patterson, is immune from Fleming's lawsuit. While we affirm the order of the trial court dismissing Patterson, due to the nature of the underlying lawsuit, we do not agree with Patterson's assertion.

1.    *Nature of the Suit*

The parties disagree as to the nature of Fleming's lawsuit: Fleming asserts that he is merely seeking a declaration that "the State of Texas and its lessee have no rights in the property . . . ," and Patterson claims that the action is one of trespass to try title. We conclude that the action is a trespass to try title action under section 22.001(a) of the property code. *See* TEX. PROP. CODE ANN. § 22.001(a) (Vernon 2000).

In his original petition, Fleming sought declaratory relief[3] and asked the trial court "to both try title and quiet title as appropriate to establish title to these lots . . . ." Fleming

---

[3] In his original petition, Fleming stated:

   [t]he Court should enter declaratory judgment that the State of Texas and its lessee have no rights in the property at issue described in the attached deed. The State of Texas and its lessee purport to derive title from sources without title who fraudulently claim to have title. A judgment exists confirming the fraud with respect to most of the lots but not these lots . . . .

then concluded that the court "should grant all requested relief." Fleming continued to seek this relief through his first and second supplemental petitions. The Texas Legislature has mandated that "[a] trespass to try title action is the method of determining title to lands, tenements, or other real property." *Id.*; *see Martin v. Amerman*, 133 S.W.3d 262, 264-65 (Tex. 2004). Therefore, we conclude that Fleming's action is one of trespass to try title and not one merely seeking a declaratory judgment. *See State v. BP Am. Prod. Co.*, 290 S.W.3d 345, 352, 361, 363 (Tex. App.–Austin 2009, pet. filed) (holding that sovereign immunity bars a declaratory judgment claim wherein the plaintiff sought a declaration establishing title to property also claimed by the State) (citing *Tex. A&M Univ. Sys. v. Koseoglu*, 233 S.W.3d 835, 839-40 (Tex. 2007)).

2. *Effect of Sovereign Immunity on Trespass to Try Title Suit*

Patterson argues that Fleming failed to demonstrate that sovereign immunity has been waived in trespass to try title suits brought against State officials acting in their official capacity. Fleming, however, asserts that under *Lain*, among other cases, sovereign immunity does not bar his claim against Patterson in his official capacity. *See* 349 S.W.2d at 581-82. Patterson attempts to rebut this argument by citing cases, including *IT-Davy*, which hold that a suit against a government official acting within the scope of his authority is a suit against the State. *See* 74 S.W.3d at 855-56. Patterson states that "if a State official asserts the State's title to such property, in the exercise of his discretion, then immunity bars the lawsuit and the plaintiff must go to the [l]egislature for permission to have the suit tried in court." We disagree with Patterson's interpretation of how the law applies in this specific case.

Our sister court, the Austin Court of Appeals, dealt with this same issue in *BP Am. Prod. Co.*, 290 S.W.3d at 352, 354. In determining that sovereign immunity does not bar a trespass to try title claim against a governmental official acting in his official capacity, the Austin Court stated that "[s]ome of the conceptual underpinnings of *Lain* are not easily reconciled with contemporary Texas sovereign immunity jurisprudence. Nonetheless, the Texas Supreme Court has never overruled *Lain*, and it remains squarely controlling

5

precedent that we are bound to apply here unless and until the high court tells us otherwise." *Id.* at 356-57 (internal citations omitted). We agree that *Lain* is still controlling precedent, and we must follow it here. *See Petco Animal Supplies, Inc. v. Schuster*, 144 S.W.3d 554, 565 (Tex. App.–Austin 2004, no pet.) ("As an intermediate appellate court, we are not free to mold Texas law as we see fit but must instead follow the precedents of the Texas Supreme Court unless and until the high court overrules them or the Texas Legislature supersedes them by statute.").

The supreme court noted in *Lain* that "[w]hen suit for recovery of title to and possession of land, filed without legislative consent, is not against the state itself, but is against individuals only, the mere assertion by pleading that the defendants claim title or right of possession as officials of the state and on behalf of the state, will not bar prosecution of the suit." *Lain*, 349 S.W.2d at 582. This is so because:

> [o]ne who takes possession of another's land without legal right is no less a trespasser because he is a state official or employee, and the owner should not be required to obtain legislative consent to institute a suit to oust him simply because he asserts a good faith but overzealous claim that title or right of possession is in the state and that he is acting on behalf of the state.

*Id.* at 581; *see BP Am. Prod. Co.*, 290 S.W.3d at 357-58 (noting that "[t]he central holding of *Lain* . . . is that sovereign immunity does not bar a plaintiff from suing a state official in possession of property that plaintiff claims to determine, as between those parties, which party has the superior title or right of possession" and to recover possession if plaintiff prevails); *see also State v. Beeson*, 232 S.W.3d 265, 271 n.5 (Tex. App.–Eastland 2007, pet. abated) (stating that, in a trespass to try title action, "state officials named as defendants are not entitled to defeat the court's subject[-]matter jurisdiction by asserting sovereign immunity").

3.    *Duties of the Trial Court*

For cases such as the one before us, the supreme court laid out the duties of the trial court:

> When in this state the sovereign is made a party to a suit for land without legislative consent, its plea to the jurisdiction of the court based on sovereign immunity should be sustained in limine.  But the cited cases clearly recognize that when officials of the state are the only defendants, or the only remaining defendants, and they file a plea to the jurisdiction based on sovereign immunity, it is the duty of the court to hear evidence on the issue of title and right of possession and to delay action on the plea until the evidence is in.  If the plaintiff fails to establish his title and right of possession, a take nothing judgment should be entered against him as in other trespass to try title cases.[4]  If the evidence establishes superior title and right of possession in the sovereign, the officials are rightfully in possession of the sovereign's land as agents of the sovereign and their plea to the jurisdiction based on sovereign immunity should be sustained.  If, on the other hand, the evidence establishes superior title and right of possession in the plaintiff, possession by officials of the sovereign is wrongful and the plaintiff is entitled to relief.  In that event the plea to the jurisdiction based on sovereign immunity should be overruled and appropriate relief should be awarded against those in possession.

*Lain*, 349 S.W. at 582.  In cases such as this one, the trial court must take evidence on the issue of title and right of possession.  *Id.*  Thus, "*Lain* requires the trial court to hold an evidentiary hearing before ruling on an official's plea to the jurisdiction . . . ." *Porretto v. Patterson*, 251 S.W.3d 701, 711 (Tex. App.–Houston [1st Dist.] 2008, no pet.).  In fact, the trial court has a "'duty' to decide the merits of the plaintiff's trespass-to-try-title claim in order to determine whether sovereign immunity applies." *BP Am. Prod. Co.*, 290 S.W.3d at 354 (citing *Lain*, 349 S.W. at 582).

---

[4] This statement reflects the burden of proof in a trespass to try title case wherein the plaintiff has the burden to prove his own title and right of possession in the subject property and cannot prevail based entirely on inadequacies in the defendant's title.  *See State v. BP Am. Prod. Co.*, 290 S.W.3d 345, 353 n.16 (Tex. App.–Austin 2009, pet. filed) (citing *Stradt v. First United Methodist Church of Huntington*, 573 S.W.2d 186, 189 (Tex. 1978)).

4.    *Review of the Trial Court's Actions*

At the September 20, 2007 hearing, the trial court admitted Patterson's evidence consisting of a judgment and a warranty deed purporting to represent Patterson's title and right to possession of the property.   Fleming did not object to the admission of this evidence.   On November 5, 2007, without filing findings of fact or conclusions of law, the trial court granted Patterson's plea to the jurisdiction.

"'In a nonjury trial, where no findings of fact or conclusions of law are filed or requested, it will be implied that the trial court made all the necessary findings to support its judgment.'"   *Holt Atherton Indus., Inc. v. Heine*, 835 S.W.2d 80, 84-85 (Tex. 1992) (quoting *Burnett v. Motyka*, 610 S.W.2d 735, 736 (Tex. 1980)); *see Stallworth v. Stallworth*, 201 S.W.3d 338, 334-45 (Tex. App.–Dallas 2006, no pet.).   In concluding that it did not have subject-matter jurisdiction, the trial court must have concluded that the State had superior title and right of possession and impliedly made all findings necessary to support that conclusion.   *See Holt Atherton Indus.*, 835 S.W.2d at 84-85.

"When the appellate record includes the reporter's and clerk's records, these implied findings are not conclusive and may be challenged for legal and factual sufficiency in the appropriate appellate court."   *BMC Software Belgium, N.V. v. Marchand*, 83 S.W.3d 789, 795 (Tex. 2002).   However, "[w]hile implied findings may be challenged for legal and factual sufficiency, we do not determine the sufficiency of the evidence supporting the finding without such a challenge."   *In re W.J.B.*, 294 S.W.3d 873, 880 (Tex. App.–Beaumont 2009, no pet.) (citing *BMC Software*, 83 S.W.3d at 795; *Pat Baker Co. v. Wilson*, 971 S.W.2d 447, 450 (Tex. 1998) ("It is axiomatic that an appellate court cannot reverse a trial court's judgment absent properly assigned error.")); *see* TEX. R. APP. P.

38.1(f); *Sonat Exploration Co. v. Cudd Pressure Control, Inc.*, 271 S.W.3d 228, 236 (Tex. 2008). Nonetheless, we must construe appellate briefs "reasonably, yet liberally, so that the right to appellate review is not lost by waiver," and we "should reach the merits of an appeal whenever reasonably possible." *Perry v. Cohen*, 272 S.W.3d 585, 587 (Tex. 2008).

Fleming contends that his claim of title is based on a chain of title dating back at least 100 years and on adverse possession, referring us to his arguments presented in his response to the City's no-evidence motion for summary judgment. In the "Statement of Facts" section of his appellate brief, Fleming states that "the trial court did not address the merits of the chain of title or adverse possession claims so these issues should not now be before this Court." He also asserts that "[t]he only issue now before this Court should be whether the [t]rial [c]ourt had jurisdiction. This is a legal issues [sic] unmixed by facts . . . . The [t]rial [c]ourt made no factual findings. This is simply a question of law."

The remainder of Fleming's brief presents his arguments regarding sovereign immunity and the propriety of bringing a lawsuit directly against Patterson. Other than stating that there are title issues remaining for resolution by the trial court, he does not mention the evidence presented by Patterson. He does not discuss or even allude to the sufficiency of that evidence. Thus, we find that Fleming has waived any complaint about the implied findings of the trial court. *See In re W.J.B.*, 294 S.W.3d at 880; *see also Alenia Spazio, S.p.A. v. Reid*, 130 S.W.3d 201, 209 (Tex. App.–Houston [14th Dist.] 2003, no pet.) (finding that while appellants did not explicitly challenge the implied findings, they presented specific record citations to evidence directly contradicting the trial court's implied findings and therefore adequately challenged the sufficiency of the evidence underlying the implied findings); *Berg v. AMF Inc.*, 29 S.W.3d 212, 216 n.1 (Tex. App.–Houston [14th

9

Dist.] 2000, no pet.) (holding that appellants' failure to cite any authority or to the record to support their attempted challenge of the implied findings resulted in a waiver of their challenge). We overrule Fleming's issue as it relates to Patterson.

### III. CITY OF CORPUS CHRISTI

The City asserts that Fleming's lawsuit against it is barred by governmental immunity. Fleming sued only the "City of Corpus Christi"; he did not sue any City officials. Thus, the City reasons that under *Lain*, the outcome of the City's plea to the jurisdiction must be different than that of Patterson. *See Lain*, 349 S.W. at 582; *see also Bell v. State Dep't of Highways & Pub. Transp.*, 945 S.W.2d 292, 294-95 (Tex. App.–Houston [1st Dist.] 1997, writ denied), *abrogated in part by Harris County v. Sykes*, 136 S.W.3d 635, 639-640 (Tex. 2004).

As discussed previously, *Lain* requires that, in order to be able to present evidence regarding title rights, the plaintiff must sue the governmental officials, not merely the governmental unit. *See BP Am. Prod. Co.*, 290 S.W.3d at 357-58. While we disagree with the City's assertion that governmental immunity precludes a determination of title issues arising between governmental entities and individuals, we agree with it insofar as it argues that governmental immunity bars suit against the entity itself.[5] Therefore, by failing to sue any City officials, Fleming failed to invoke the trial court's jurisdiction to

---

[5] In support of its argument, the City cites *Gordon v. San Antonio Water Sys.* Nos. 04-06-00699-CV, 04-06-00700-CV, 04-06-00701-CV, 04-06-00702-CV, 2007 WL 748692, at *2 (Tex. App.–San Antonio Mar. 14, 2007, pet. denied) (mem. op.). We conclude that *Gordon* is inapposite because, as the San Antonio Court of Appeals stated, "because [Gordon's] claims seek to enforce rights [he] allege[s] to exist under the deeds, the trial court properly granted" the plea to the jurisdiction. *Id.* at *2. Thus, the San Antonio Court of Appeals characterized Gordon's lawsuit as one based in contract, not in trespass to try title. Though we agree with the City that governmental immunity generally bars suit against the governmental entity, we disagree that *Gordon* mandates the conclusion that governmental immunity bars a trespass to try title action against governmental officials.

resolve his trespass to try title suit against the City.  *See Lain*, 349 S.W. at 582; *BP Am.*

*Prod. Co.*, 290 S.W.3d at 357-58.  We overrule Fleming's issue as it relates to the City.

## IV.  CONCLUSION

Having overruled Fleming's sole appellate issue, we affirm the trial court's granting

of the pleas to the jurisdiction.

_____
GINA M. BENAVIDES,
Justice

Delivered and filed the
25th day of February, 2010.