

# NUMBER 13-20-00569-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

SAN BENITO CONSOLIDATED ISD,                                          Appellant,

v.

MARY ALICE LEAL,                                                 Appellee.

## On appeal from the 107th District Court
## of Cameron County, Texas.

# MEMORANDUM OPINION

**Before Chief Justice Contreras and Justices Benavides and Longoria**
**Memorandum Opinion by Justice Benavides**

Appellant San Benito Consolidated Independent School District (School District) appeals from the denial of its plea to the jurisdiction on appellee Mary Alice Leal's claims of employment discrimination, breach of contract, and state constitutional violations. By its first two issues, the School District contends that it conclusively established that Leal

failed to exhaust her administrative remedies under the Texas Commission on Human Rights Act (TCHRA) because both her charge of discrimination and suit were untimely. By its third and fourth issues, the School District argues that Leal failed to exhaust her administrative remedies on her breach of contract claim under § 7.057 of the Texas Education Code and that Leal has not alleged a viable constitutional claim. We affirm in part, reverse in part, and remand the case for further proceedings.

## I.  BACKGROUND

The School District employed Leal as an administrator for the 2016–2017 school year.[1] On August 19, 2016, Leal was transferred from her position as a middle school assistant principal to an "Instructional Facility position" at an elementary school. On May 9, 2017, Leal filed a formal charge of discrimination with both the Texas Workforce Commission (TWC) and United States Equal Employment Opportunity Commission (EEOC).

The discrimination charge form required Leal to check boxes next to all bases of discrimination against her. Leal checked the boxes next to sex and retaliation. The form also prompted Leal to fill in the earliest and latest dates of discrimination. Leal filled in "8/19/16" for the earliest, "09/19/16 - Continuing" for the latest, and checked the box that indicated the discrimination was a "continuing action." In a field requesting a narrative, Leal provided:

> I have been subjected to a demotion, discipline, harassment[,] and inequitable terms [and] conditions [of employment] due to retaliation. On or about 08/18/16, I was assigned to work in the front office with secretarial staff, [even though] I am an administrator. I was also assigned a small

---

[1] It is unclear from the record whether Leal is currently employed by the School District.

2

cubicle, given a ten[-]year[-]old computer, a chair with metal sticking out of the seat[,] and I was not given access to students' information in order to complete my job duties. On or about 08/19/16, I was demoted and transferred from my position as an Assistant Principal of BCMS to an Instruction Facility position at Judge De La Fuente Elementary School for the 2016-2017 school year[]. On or about 09/19/16, I was given a negative evaluation, which resulted in the inability to be promoted. I believe the discriminatory treatment I have experienced is a result of me previously filing an EEO complaint."

On October 25, 2017, Leal filed an amended charge. The narrative section contains identical allegations. The only change Leal made was to the dates of discrimination; she now alleged that the most recent discrimination and retaliation occurred in "July 2017."

On November 28, 2017, the TWC issued Leal a right-to-sue letter and explained that it was dismissing her charge. The EEOC adopted the TWC's findings, and Leal did not ask the EEOC for a separate review of her claims.

Leal filed suit on January 30, 2018, alleging discrimination and retaliation under the labor code and free-speech and due-course-of-law violations under the Texas Constitution. The School District filed a plea to the jurisdiction, and the parties agreed to abate the case for six months to conduct jurisdictional discovery.

Upon reinstatement, Leal supplemented her petition, adding a claim for breach of her employment contract. In her live petition, Leal claims that the School District began discriminating and retaliating against her after she "acted to investigate, support[,] and sustain complaints of sexual discrimination and harassment by employees under her supervision" in 2015. She also claims that she suffered "ongoing harassment, discrimination[,] and retaliation . . . within 180 days of filing her charge of discrimination

3

with the [TWC]" and was subjected to "demotion, discipline, harassment[,] and inequitable terms and conditions of employment" during the 180-day period.

The School District filed an amended plea to the jurisdiction. The School District attached to its plea a verified copy of Leal's EEOC file, including an investigative memorandum by the TWC. After a hearing, the trial court denied the plea, and this interlocutory appeal followed.[2] *See* TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(a)(8) (providing for interlocutory appeal from a trial court's denial of a plea to the jurisdiction by a governmental unit).

## II. STANDARD OF REVIEW & APPLICABLE LAW

Subject matter jurisdiction is essential to a court's authority to decide a case. *Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 554 (Tex. 2000) (citing *Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 443 (Tex. 1993)). Whether a trial court has subject matter jurisdiction is a question of law we review de novo. *State Dep't of Highways & Pub. Transp. v. Gonzalez*, 82 S.W.3d 322, 327 (Tex. 2002).

Governmental immunity from suit protects political subdivisions of the State like the School District from lawsuits for money damages and deprives a trial court of subject matter jurisdiction over the plaintiff's claims. *See Mission Consol. Indep. Sch. Dist. v. Garcia*, 253 S.W.3d 653, 655 & n.2 (Tex. 2008). The plaintiff has the initial burden to plead facts affirmatively showing that the trial court has jurisdiction. *Fleming v. Patterson*, 310 S.W.3d 65, 68 (Tex. App.—Corpus Christi–Edinburg 2010, pet. struck) (citing *Tex.*

---

[2] We carried with this appeal two motions filed by Leal that were opposed by the School District: "Appellees First Motion for 30 day Extension or Continuance to File Appellees Brief (Opposed)" and "First Motion for Leave to File Appellees Brief Out of Time." We grant the second motion and dismiss the first motion as moot.

4

*Air Control Bd.*, 852 S.W.2d at 446). To prevail on a claim of immunity, the governmental defendant "may challenge the pleadings, the existence of jurisdictional facts, or both." *Alamo Heights Indep. Sch. Dist. v. Clark*, 544 S.W.3d 755, 770 (Tex. 2018). When a defendant challenges the existence of jurisdictional facts, the analysis "mirrors that of a traditional summary judgment." *Tex. Dep't of Transp. v. Lara*, 625 S.W.3d 46, 52 (Tex. 2021) (quoting *Mission Consol. Indep. Sch. Dist. v. Garcia*, 372 S.W.3d 629, 634 (Tex. 2012)). As such, we take as true all evidence favorable to the nonmovant, indulging every reasonable inference and resolving any doubts in their favor. *Id.* (citing *Alamo Heights*, 544 S.W.3d at 771).

The TCHRA prohibits employers from discriminating against protected employees or retaliating against employees who engage in protected activities. *See* TEX. LAB. CODE ANN. §§ 21.051(1), 21.055. An employee engages in a protected activity by, among other things, opposing a discriminatory practice, making a charge of discrimination with the EEOC or TWC, or participating in an investigation by the EEOC or TWC. *Id.* § 21.055. The TCHRA waives a governmental employer's immunity from suit for violations under the act. *Alamo Heights*, 544 S.W.3d at 770. Because the TCHRA was modeled after federal statutes, Texas courts look to relevant federal precedent for guidance. *Lara*, 625 S.W.3d at 52 (citing *Garcia*, 372 S.W.3d at 634).

### III.    180-DAY FILING REQUIREMENT

By its first issue, the School District argues that Leal failed to exhaust her administrative remedies under the TCHRA because she filed her charge of discrimination more than 180 days after she was demoted.

5

## A.    Applicable Law

A person must exhaust the TCHRA's administrative remedies prior to filing suit, and failure to do so is a jurisdictional defect that deprives the trial court of subject matter jurisdiction. *City of Waco v. Lopez*, 259 S.W.3d 147, 156 (Tex. 2008). To exhaust administrative remedies, a person must, among other requirements, file a charge of discrimination with the TWC "not later than the 180th day after the date the alleged unlawful employment practice occurred." TEX. LAB. CODE ANN. § 21.202(a); *Lopez*, 259 S.W.3d at 156.

"Unlawful employment practices" include discrete acts, such as termination, failure to promote, denial of transfer, or refusal to hire, which are easy to identify. *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 114 (2002). "Each discrete discriminatory act starts a new clock for filing charges alleging that act." *Id.* at 113. A demotion is a discrete act that places an employee on notice that a cause of action has accrued. *Pegram v. Honeywell, Inc.*, 361 F.3d 272, 280 (5th Cir. 2004) (citing *Morgan*, 536 U.S. at 114); *see Davis v. Autonation USA Corp.*, 226 S.W.3d 487, 492 (Tex. App.—Houston [1st Dist.] 2006, no pet.) (holding demotion triggered 180-day deadline); *see also Abbott v. Rankin*, No. 06-07-00149-CV, 2008 WL 5156453, at *4 (Tex. App.—Texarkana Dec. 10, 2008, pet. denied) (mem. op.) (same).

There is an exception to the 180-day deadline, known as the continuing violation doctrine, which generally arises in the context of hostile work environment claims. *Morgan*, 536 U.S. at 114. Rather than discrete acts, a hostile work environment claim alleges related and sustained harassment so that the unlawful employment practice

6

"cannot be said to occur on any particular day." *Id.* at 115. (explaining that hostile work environment claims are "different in kind" and "in direct contrast to discrete acts"). Instead, "[a] hostile work environment claim is composed of a series of separate acts that collectively constitute one 'unlawful employment practice.'" *Id.* at 117. For such claims, a court may consider contributing acts that occurred outside the 180-day deadline if at least one contributing act occurred within the filing period. *Id.* Inversely, "discrete discriminatory acts are not actionable if time barred, even when they are related to acts alleged in timely filed charges." *Id.* at 113. Simply put, "[c]laims alleging discrete acts are not subject to the continuing violation doctrine." *Heath v. Bd. of Supervisors for S. Univ. & Agric. & Mech. Coll.*, 850 F.3d 731, 737 (5th Cir. 2017); *see Morgan*, 536 U.S. at 113.

Relatedly, "[a] lawsuit under the [TCHRA] will be limited in scope to only those claims that were included in a timely administrative charge and to factually related claims that could reasonably be expected to grow out of the agency's investigation of the claims stated in the charge." *El Paso County v. Vasquez*, 508 S.W.3d 626, 635 (Tex. App.—El Paso 2016, pet. denied) (citing *City of Sugar Land v. Kaplan*, 449 S.W.3d 577, 581–82 (Tex. App.—Houston [14th Dist.] 2014, no pet.); *Brownsville Indep. Sch. Dist. v. Alex*, 408 S.W.3d 670, 674 (Tex. App.—Corpus Christi–Edinburg 2013, no pet.) (citing *Bartosh v. Sam Houston State Univ.*, 259 S.W.3d 317, 322 (Tex. App.—Texarkana 2008, pet. denied)). "The crucial element of a charge of discrimination is the factual statement contained" in the administrative complaint. *Preston v. Tex. Dep't of Family & Prot. Servs.*, 222 F. App'x 353, 356 (5th Cir. 2007). "We construe the complaint liberally to reach its substance, but we will not construe it to include facts that were initially omitted." *Alex*, 408

7

S.W.3d at 674 (citing *Bartosh*, 259 S.W.3d at 322).

## B.    Analysis

Here, Leal alleged in her charge of discrimination that the School District discriminated and retaliated against her when it moved her workspace to the front office with secretarial staff on August 18, 2016, demoted her on August 19, 2016, and gave her a negative evaluation on September 19, 2016. Even if we assume that the later negative evaluation was "materially adverse," *see Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 68 (2006), each challenged act occurred more than 180 days before Leal filed her first charge of discrimination with the TWC on May 9, 2017.[3] Accordingly, the trial court lacks subject matter jurisdiction over Leal's TCHRA claims based on her workspace, demotion, and negative evaluation. *See Pegram*, 361 F.3d at 280; *Davis*, 226 S.W.3d at 492; *see also Rankin*, 2008 WL 5156453, at *4.

Leal nevertheless maintains that the continuing violation doctrine should apply because she indicated on the charge form that the discrimination and retaliation were "continuing." A demotion, however, is a discrete act; therefore, it cannot be saved by the continuing violation doctrine. *See Heath*, 850 F.3d at 737. Regardless, at least one contributing act must have occurred within 180 days for the continuing violation doctrine to apply. *See Morgan*, 536 U.S. at 117. The only factual allegation in Leal's charge about discriminatory treatment occurring after her time-barred negative evaluation is a reference to a subsequent "inability to be promoted." In her petition, Leal elaborates that, in July

---

[3] Before the trial court, Leal argued that she filed her charge of discrimination on February 14, 2017, 179 days after her demotion. On appeal, Leal has abandoned that argument and now concedes that she filed the charge on May 9, 2017.

8

2017, she was allegedly passed over for several promotions. This allegation is consistent with Leal's amended charge, which was changed to indicate that the latest discrimination occurred in "July 2017." But like Leal's demotion, a failure to promote is a discrete discriminatory act with its own clock for filing a timely charge of discrimination. *See Morgan*, 536 U.S. at 113–14. It cannot be used "to pull in [a] time-barred discriminatory act." *Id.* at 113. Thus, Leal's gender discrimination and retaliation claims based on her workspace, demotion, and negative evaluation cannot be saved by the continuing violation doctrine.

On the other hand, Leal amended her charge of discrimination to include gender discrimination and retaliation claims based on the July 2017 failure to promote. One of our sister courts has noted that some federal courts have interpreted *Morgan* as requiring an employee to file a subsequent or amended charge of discrimination for discrete acts that occur after the initial charge is filed. *See Wernert v. City of Dublin*, 557 S.W.3d 868, 874–76 (Tex. App.—Eastland 2018, no pet.) (surveying federal case law). We need not decide that issue here because even if this interpretation is correct, Leal amended her charge approximately three months after the alleged failure to promote.

We acknowledge that the amended charge did not expressly describe the latest discrimination and retaliation that occurred in "July 2017"; however, reading the charge liberally and given Leal's original allegation about an "inability to be promoted," we would expect the TWC to investigate any potential claim for failure to promote during the relevant period (i.e., through July 2017). See *Vasquez*, 508 S.W.3d at 635; *Alex*, 408 S.W.3d at 674. Indeed, although not dispositive, it appears from the record that the TWC

9

investigated this specific claim before issuing Leal a right-to-sue letter.[4] Therefore, we conclude that Leal did satisfy the 180-day filing requirement with respect to her gender discrimination and retaliation claims based on the July 2017 failure to promote. The School District's first issue is sustained in part and overruled in part.

## IV.    60-DAY FILING REQUIREMENT

By its second issue, the School District argues that even if Leal timely filed any of her claims with the TWC, she nonetheless failed to exhaust her administrative remedies because she filed suit more than sixty days after receiving her right-to-sue letter. We disagree.

The TCHRA requires a person to file suit "[w]ithin 60 days after the date a notice of the right to file a civil action is received." TEX. LAB. CODE ANN. § 21.254. A person who fails to satisfy this deadline has not exhausted their administrative remedies under the TCHRA. *Metro. Transit Auth. of Harris Cnty. v. Douglas*, 544 S.W.3d 486, 492 n.6 (Tex. App.—Houston [14th Dist.] 2018, pet. denied); *see also Donna Indep. Sch. Dist. v. Castillo*, No. 13-29-00395-CV, 2020 WL 4812638, at *4 n.4 (Tex. App.—Corpus Christi–Edinburg Aug. 13, 2020, pet. denied) (mem. op.).

Leal filed suit on January 30, 2018. Under the plain language of the statute, the sixty-day period began to run when Leal "received" the right-to-sue letter. *See* TEX. LAB. CODE ANN. § 21.254. Leal alleges in her petition that she "received" the right-to-sue letter on December 2, 2017, within sixty days of filing suit.

---

[4] For example, in an October 30, 2017 email between a TWC investigator and Leal's attorney, the investigator requested an additional interview with Leal to discuss "additional evidence submitted by [Leal] . . . pertinent to the positions she applied for and was not selected" in July 2017.

The School District points out that the right-to-sue letter was signed by a TWC representative on "11/28/17," more than sixty days before Leal filed suit. According to the School District, because the letter was signed on November 28, 2017, Leal must have received the notice that same day. The record does not support the School District's supposition. On the contrary, the face of the letter indicates that it was delivered to Leal's attorney by regular mail, which is consistent with Leal's allegation that she "received" it on December 2, 2017. Viewing the evidence in the light most favorable to Leal, we conclude the School District failed to conclusively establish that Leal's suit was untimely. We overrule the School District's second issue.

## V. EXHAUSTION OF ADMINISTRATIVE REMEDIES (TEXAS EDUCATION CODE)

By its third issue, the School District contends that Leal's breach of contract claim fails because Leal did not exhaust her administrative remedies with the Commissioner of Education.

## A. Applicable Law

The Texas Commissioner of Education has exclusive jurisdiction over actions or decisions of any school district board of trustees that violate a provision of a written employment contract between the school district and a school district employee if a violation causes or would cause monetary harm to the employee. TEX. EDUC. CODE ANN. § 7.057(a)(2)(B). Thus, before filing suit, "[s]chool district employees . . . alleging a breach of an employment contract where facts are in dispute . . . generally must exhaust administrative remedies by bringing an appeal to the Commissioner." *Canutillo Indep. Sch. Dist. v. Farran*, 409 S.W.3d 653, 657 (Tex. 2013). Of course, an appeal generally

11

requires an underlying decision, which, in this context, means initiating a grievance process that starts at the school level and ends at the district level. *See, e.g.*, *Ollie v. Plano Indep. Sch. Dist.*, 383 S.W.3d 783, 792 (Tex. App.—Dallas 2012, pet denied) ("The PISD's grievance process consists of four levels. . . . After exhausting the PISD's grievance process, the employee must appeal the decision of the board of trustees to the Commissioner of Education.").

Here, Leal alleges in her petition that the School District employed her as an administrator in 2017, the parties were subject to an employment contract, the contract "provided guaranteed terms and conditions of employment," the School District "materially breached that contract of employment," and Leal "suffered economic damages" as a result.[5] Although Leal acknowledges the existence of the School District's grievance process in her petition, she does not allege that she exhausted her administrative remedies with respect to her contract claim.

On appeal, Leal does not address the applicability of § 7.057 to her claim. Instead, she argues that the Legislature waived the School District's immunity from her contract claim under § 271.152 of the Texas Local Government Code. *See* TEX. LOC. GOV'T CODE ANN. § 271.152; *City of Houston v. Williams*, 353 S.W.3d 128, 131 (Tex. 2011) ("Section 271.152 of the Local Government Code, under certain circumstances, waives governmental immunity for suits alleging breach of a written contract."); *id.* at 134–35 (discussing the elements that must be established to fall within the scope of § 271.152's

---

[5] Leal does not specify which provisions in the contract the School District allegedly violated or how the violations occurred.

12

waiver of immunity). Even if Leal's employment contract meets all the requirements of § 271.152, that would not absolve Leal from first exhausting her administrative remedies under the Texas Education Code before filing suit. *See Clint Indep. Sch. Dist. v. Marquez*, 487 S.W.3d 538, 546 (Tex. 2016) (explaining that a person whose complaint falls under § 7.057(a) "must exhaust their administrative remedies before courts can exercise jurisdiction"); *see also* TEX. GOV'T CODE ANN. § 311.034 ("Statutory prerequisites to a suit, including the provision of notice, are jurisdictional requirements in all suits against a governmental entity."). Because Leal has failed to allege facts that affirmatively establish the trial court's jurisdiction over her breach of contract claim, we sustain the School District's third issue.

## VI. VIABILITY OF CONSTITUTIONAL CLAIMS

By its final issue, the School District argues that Leal's claims under the Texas Constitution are not viable, and therefore, the trial court lacks jurisdiction over those claims.

There is no "implied private right of action for damages against governmental entities for violations of the Texas Constitution," but suits for "equitable remedies for violation of constitutional rights are not prohibited." *City of Beaumont v. Bouillion*, 896 S.W.2d 143, 144, 149 (Tex. 1995). Thus, "suits for injunctive relief" may be maintained against governmental entities to remedy violations of the Texas Constitution. *Id.* at 149. Regardless, to overcome immunity, a plaintiff must plead a "viable" constitutional claim. *Andrade v. NAACP of Austin*, 345 S.W.3d 1, 11 (Tex. 2011). A constitutional claim is not viable if the facts alleged would not give rise to such a claim. *See, e.g.*, *Klumb v. Hous.*

13

*Mun. Emps. Pension Sys.*, 458 S.W.3d 1, 15 (Tex. 2015) ("[T]he Petitioners' due-course claims are facially invalid because the Petitioners have no vested property right to the pension-plan contributions and future retirement benefits at issue."). We address the viability of each of Leal's constitutional claims in turn.

## A. Free Speech Retaliation

The Texas Constitution provides that "[e]very person shall be at liberty to speak, write or publish his opinions on any subject, being responsible for the abuse of that privilege; and no law shall ever be passed curtailing the liberty of speech or of the press." TEX. CONST. ART. I, § 8. Leal does not contend that the text, history, or purpose of § 8 provides her any greater protection in this context than that provided by the First Amendment; therefore, we may look to federal case law for guidance. *See Tex. Dep't of Transp. v. Barber*, 111 S.W.3d 86, 106 (Tex. 2003); *see also Davenport v. Garcia*, 834 S.W.2d 4, 40 (Tex. 1992) (Hecht, J., concurring) ("When state and federal provisions overlap or correspond, state law, as well as federal law and the law of other states, may be helpful in analyzing their proper application.").

A facially valid claim that a public employee's right to free speech was violated requires the employee to plead and allege facts which, if true, show that: (1) they suffered an adverse employment decision; (2) their speech involved a matter of public concern, (3) their interest in speaking on such matters outweighed their employer's interest in promoting efficiency, and (4) their speech motivated the adverse employment decision. *Caleb v. Carranza*, 518 S.W.3d 537, 544 (Tex. App.—Houston [1st Dist.] 2017, no pet.) (citing *Beattie v. Madison Cnty. Sch. Dist.*, 254 F.3d 595, 601 (5th Cir. 2001)). "[W]hen

14

public employees make statements pursuant to their official duties, the employees are not speaking as citizens for First Amendment purposes, and the Constitution does not insulate their communications from employer discipline." *Garcetti v. Ceballos*, 547 U.S. 410, 421 (2006).

In her petition, Leal alleges that, in her former capacity as a principal, she "was in charge of investigating complaints of sexual harassment and discrimination arising from [School District] employees who were under her supervision and control." Leal further alleges that she "acted to investigate, support, and sustain complaints of sexual discrimination and harassment by employees under her supervision." Finally, Leal alleges that the School District "retaliated against her for supporting a complaint of sexual harassment in violation of her right to free speech."

As Leal alleges in her petition, her official duties included "investigating complaints of sexual harassment and discrimination." *See Garcetti*, 547 U.S. at 421. Thus, when Leal alleges that she investigated, supported, and sustained complaints of sexual harassment and discrimination, these were "activities undertaken in the course of performing [Leal's] job." *See Williams v. Dall. Indep. Sch. Dist.*, 480 F.3d 689, 693 (5th Cir. 2007); *Lane v. Franks,* 573 U.S. 228, 240 (2014) ("The critical question under *Garcetti* is whether the speech at issue is itself ordinarily within the scope of an employee's duties, not whether it merely concerns those duties."). In other words, her activities had "official significance." *See Garcetti*, 547 U.S. at 421. Importantly, Leal has never alleged that she expressed her concerns publicly—i.e., as a citizen. *See id.* at 423 ("Employees who make public statements outside the course of performing their official duties retain some possibility of

15

First Amendment protection because that is the kind of activity engaged in by citizens who do not work for the government."). Based on the limited facts alleged in Leal's petition, we conclude that Leal has not stated a facially valid claim of free speech retaliation.[6] *See Klumb*, 458 S.W.3d at15.

## B.     Due Course of Law

The Texas Constitution provides that "[n]o citizen of this State shall be deprived of life, liberty, property, or privileges or immunities . . . except by the due course of the law of the land." TEX. CONST. art. I, § 19. "Before any substantive or procedural due-process rights attach, however, the [plaintiff] must have a liberty or property interest that is entitled to constitutional protection." *Klumb.*, 458 S.W.3d at 15. Mere expectancy in a property interest will not suffice; the property interest must be vested. *Id.* (citing *City of Dallas v. Trammell*, 101 S.W.2d 1009, 1014 (Tex. 1937)).

Leal alleges that the district violated her right to due course of law by "willfully failing to provide her with a meaningful grievance process." According to Leal, she filed a grievance after her negative evaluation, and although the School District informed her that her grievance had been "sustained" (i.e., the negative evaluation was removed from her personnel file), the School District nonetheless "denied [Leal] her remedy" because it "continued to discriminate and retaliate against [her]." Specifically, Leal points to the four principal positions she applied for in July 2017, saying the School District selected other

---

[6] We note that Leal was not without a remedy, though; these activities were protected under the TCHRA. *See* TEX. LAB. CODE ANN. § 21.055.

16

candidates who "were not as qualified as [her]." Thus, the gravamen of Leal's due-course claim is that she applied for, but did not receive, a promotion.

Leal did not have a vested property right in being promoted to principal. *See City of Round Rock v. Whiteaker*, 241 S.W.3d 609, 625 (Tex. App.—Austin 2007, pet. denied) (recognizing that even "a person's position as the top candidate on a promotional eligibility list . . . does not create an equitable property interest in promotion"); *Pruitt v. City of Houston*, 548 S.W.2d 90, 94 (Tex. App.—Houston [1st Dist.] 1977, no writ) (holding employee did not have a vested property interest in promotion; therefore, due process rights did not attach); *cf. Alford v. City of Dallas*, 738 S.W.2d 312, 316 (Tex. App.—Dallas 1987, no writ) ("At most, Alford had an expectancy of a transfer. That expectancy does not rise to the level of a vested property interest that is protected under the due process clause."). Moreover, "procedural rights that protect due process, such as hearings and grievance proceedings, . . . cannot be used to 'bootstrap' an employee into having an entitlement." *Cote v. Rivera*, 894 S.W.2d 536, 541 (Tex. App.—Austin 1995, no writ) (quoting *Evans v. City of Dallas*, 861 F.2d 846, 849 (5th Cir. 1988)). Consequently, we conclude that Leal's due-course claim is facially invalid. *See Klumb*, 458 S.W.3d at 15. We sustain the School District's fourth issue.

## VII. OPPORTUNITY TO REPLEAD

Finally, to the extent that we find her pleadings deficient, Leal requests an opportunity to amend. She contends that because the School District never specially excepted to her petition, she was not "given the opportunity to amend her pleadings to

state how jurisdiction might exist." Leal does not point to any additional facts that she would allege if given the opportunity.

The School District counters that Leal's claims should be dismissed with prejudice because: (1) it was Leal's initial burden to plead facts that affirmatively demonstrated the trial court's jurisdiction; (2) regardless, the School District's plea to the jurisdiction put Leal on notice that her pleading was deficient; (3) the parties subsequently abated the case for six months to conduct jurisdictional discovery; and (4) once the case was reinstated, Leal supplemented her petition to no avail.

The record conclusively establishes that Leal failed to exhaust her administrative remedies with respect to certain claims under the TCHRA; therefore, those claims are dismissed with prejudice to refiling. *See Rusk State Hosp. v. Black*, 392 S.W.3d 88, 100 (Tex. 2012). Likewise, Leal's due-course claim is incurably defective and is dismissed with prejudice. *See Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 227 (Tex. 2004).

Although Leal's pleadings may not have conclusively negated her breach of contract and free-speech claims, we conclude, based on the procedural history of the case, that Leal "had a full and fair opportunity in the trial court to develop the record and amend [her] pleadings to show jurisdiction yet failed to do so." *See Black*, 392 S.W.3d at 100. More than fourteen months passed between the time the School District filed its plea to the jurisdiction and the trial court ruled on it. In the interim, the parties agreed to abate the case for six months to conduct jurisdictional discovery. Contrary to her representation on appeal that she was not "given the opportunity to amend her pleadings," Leal filed a

18

supplemental pleading three months after the case was reinstated. In this pleading, Leal alleged a new claim for breach of contract but otherwise echoed her previous allegations as to her other claims. The School District then filed an amended plea to the jurisdiction addressing Leal's new claim, and Leal elected to stand on her supplemented pleadings before the trial court ruled on the amended plea. In doing so, Leal gave the impression that she had pleaded her best case, and she has made no representations on appeal to dissuade us of that impression. Accordingly, Leal's breach of contract and free-speech claims are also dismissed with prejudice. *See id.*

## VIII.  CONCLUSION

The trial court's judgment is affirmed with respect to Leal's gender discrimination and retaliation claims under the TCHRA that involve her failure to be promoted in July 2017. The remainder of the trial court's judgment is reversed, and Leal's other claims are dismissed with prejudice for want of jurisdiction. The case is remanded for further proceedings.

GINA M. BENAVIDES
Justice

Delivered and filed on the
27th day of January, 2022.

19