

# NUMBER 13-21-00081-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

EDUCATION SERVICE CENTER REGION 2,                    **Appellant,**

**v.**

**AMANDA BARRERA,**                                      **Appellee.**

## On appeal from the County Court at Law No. 2
## of Nueces County, Texas.

## MEMORANDUM OPINION

### Before Justices Benavides, Longoria, and Tijerina
### Memorandum Opinion by Justice Benavides

In this interlocutory appeal from the denial of a plea to the jurisdiction, appellant Education Service Center Region 2 (ESCR2) contends that it is immune from appellee Amanda Barrera's premises liability claim because it was not the owner of the property where Barrera was injured and did not otherwise exercise control over the premises.

Additionally, ESCR2 submits that other arguments raised by Barrera were not a sufficient basis for denying its plea. We reverse and render a judgment dismissing the claim for want of jurisdiction.

## I.     BACKGROUND

Nueces County owns the Richard M. Regional Fairgrounds, which includes a conference facility. Global Spectrum, LP d/b/a Spectra Venue Management (Global) manages and operates the fairgrounds on Nueces County's behalf. The management agreement between Nueces County and Global specifies that Nueces County "will at all times retain ownership and control of the [conference facility], including but not limited to . . . fixtures and similar property."

ESCR2 rented the conference facility for a parent engagement conference. Barrera was attending the conference when she fell off a stage elevated approximately three feet above floor level. She sued all three parties for premises liability.[1] According to her petition, the "setup [of the stage] gave a false illusion that there was a rail or wall in the back of the stage," behind a curtain. Barrera claims that she attempted to lean against the curtain—mistakenly assuming there was a rail or wall behind it—lost balance, fell off the stage, and suffered a broken leg that required two surgeries. She also alleges that there were no warnings about the hidden edge of the stage, and that after the incident, "they start[ed] setting up one-foot stages."

ESCR2 filed a plea to the jurisdiction, contending that Barrera failed to establish a

---

[1] Nueces County and Global filed cross-claims against ESCR2 for breach of contract after ESCR2 refused to defend and indemnify them under the license agreement between the parties. ESCR2 filed a plea to the jurisdiction concerning those claims, and the trial court's denial of that plea is the subject of another appeal pending in this Court under appellate cause number 13-21-00081-CV.

waiver of immunity from suit.[2] Among other evidence, ESCR2 provided an affidavit from a representative who stated that ESCR2 "has no ownership interest in the premises where the conference [occurred]," "does not own the stage," and "did not participate in setting up any of the staging for the event." Additionally, the license agreement between Global and ESCR2 contains a provision stating that Global "does not relinquish the right to control the management" of the premises during the event. Another provision provides that Global shall be responsible for providing "personnel to set up and take down the event."

Barrera responded that (1) immunity did not exist in the first instance because ESCR2 was performing a proprietary function, and (2) ESCR2's plea was procedurally defective because it did not comply with Texas Rule of Procedure 91a. ESCR2 replied that Barrera's reliance on the proprietary-governmental dichotomy was improper and that its plea was procedurally sound. The trial court denied the plea, and this interlocutory appeal followed. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(a)(8).

## II.    STANDARD OF REVIEW & APPLICABLE LAW

Subject-matter jurisdiction is essential to a court's authority to decide a case. *Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 554 (Tex. 2000) (citing *Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 443 (Tex. 1993)). Whether a trial court has subject matter jurisdiction is a question of law we review de novo. *State Dep't of Highways & Pub. Transp. v. Gonzalez*, 82 S.W.3d 322, 327 (Tex. 2002). A plaintiff must plead facts that affirmatively demonstrate the trial court's subject matter jurisdiction. *Fleming v. Patterson*,

---

[2] Nueces County and Global also filed pleas to the jurisdiction that were denied by the trial court. They did not seek interlocutory review of those orders.

3

310 S.W.3d 65, 68 (Tex. App.—Corpus Christi–Edinburg 2010, pet. struck) (citing *Tex. Air Control Bd.*, 852 S.W.2d at 446).

Sovereign immunity protects the State and its agencies from lawsuits for money damages and deprives a trial court of subject matter jurisdiction over the plaintiff's claims. *Mission Consol. Indep. Sch. Dist. v. Garcia*, 253 S.W.3d 653, 655 & n.2 (Tex. 2008). Governmental immunity offers the same protections for political subdivisions of the State, including municipalities and school districts. *Id.* To prevail on a claim of immunity, the governmental defendant "may challenge the pleadings, the existence of jurisdictional facts, or both." *Alamo Heights Indep. Sch. Dist. v. Clark*, 544 S.W.3d 755, 770 (Tex. 2018). When a defendant challenges the existence of jurisdictional facts, the analysis "mirrors that of a traditional summary judgment." *Tex. Dep't of Transp. v. Lara*, 625 S.W.3d 46, 52 (Tex. 2021) (quoting *Mission Consol. Indep. Sch. Dist. v. Garcia*, 372 S.W.3d 629, 634 (Tex. 2012)). Accordingly, when a governmental entity establishes the absence of a jurisdictional fact, the burden shifts to the plaintiff to raise a genuine issue of material fact for the jury to resolve; otherwise, the trial court should rule on the plea as a matter of law. *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 228 (Tex. 2004).

The Texas Tort Claims Act (TTCA) provides a limited waiver of immunity for certain tort claims against governmental entities, including personal injury caused by a condition or use of real property "if the governmental unit would, if it were a private person, be liable to the claimant according to Texas law." TEX. CIV. PRAC. & REM. CODE ANN. § 101.021(2). "[I]f a claim arises from a premise defect, the governmental unit owes to the claimant only

the duty that a private person owes to a licensee on private property, unless the claimant pays for the uses of the premises." *Id.* at § 101.022.

The elements for a premises liability claim involving a licensee are: (1) a condition on the premises posed an unreasonable risk of harm; (2) the defendant had actual knowledge of the danger; (3) the plaintiff did not have actual knowledge of the danger; and (4) the defendant breached its duty of ordinary care by either failing to warn of the condition or failing to make the condition reasonably safe. *State v. Williams*, 940 S.W.2d 583, 584 (Tex. 1996). "Ordinarily a person who does not own the real property must assume control over and responsibility for the premises before there will be liability for a dangerous condition existing on the real property." *City of Denton v. Page*, 701 S.W.2d 831, 835 (Tex. 1986).

## III.    ANALYSIS

### A.    No Waiver Under TTCA

ESCR2 contends that it conclusively established that it did not own or assume control over the premises; therefore, it could not "be liable to [Barrera] according to Texas law," as required by the TTCA's waiver of immunity. *See id.* § 101.021(2); *City of Denton*, 701 S.W.2d at 835.

It is undisputed that ESCR2 is a "governmental unit" as that term is defined under the TTCA. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 101.001(3). It is also undisputed that Nueces County owns the conference facility. Furthermore, the jurisdictional evidence shows that ESCR2 did not assume control over the premises during the conference. In the trial court Barrera did not attempt to raise a fact issue as to ESCR2's control over the

5

premises, and on appeal she concedes in her brief that she "did not even plead a [TTCA] case." Thus, we agree with ESCR2 that Barrera failed to establish a waiver of immunity under the TTCA. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 101.021(2); *City of Denton*, 701 S.W.2d at 835.

## B. Proprietary-Governmental Dichotomy Does Not Apply

Instead of identifying a valid waiver of immunity, Barrera contends on appeal, as she did in the trial court, that immunity did not exist in the first instance because ESCR2 was performing a proprietary function by hosting the conference. As support, Barrera points to various provisions in the license agreement that purportedly show that ESCR2 "used the premises for a restaurant/social event purpose[,] which is not an educational/governmental function." ESCR2 maintains that Barrera is invoking an exception to immunity that only applies to municipalities.

Texas common law has long recognized in the tort-claims context that when municipalities step outside of their governmental roles to perform proprietary functions, they no longer enjoy immunity from suit and liability. *City of Galveston v. Posnainsky*, 62 Tex. 118, 127 (1884); *Tooke v. City of Mexia*, 197 S.W.3d 325, 343 (Tex. 2006). The so-called proprietary-governmental dichotomy has since been codified in the TTCA. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 101.0215. This distinction, however, is unique to municipalities because only municipalities perform proprietary functions. *Wasson Ints., Ltd. v. City of Jacksonville*, 489 S.W.3d 427, 430 n.3 (Tex. 2016) (noting that "this distinction only applies to municipalities"); *see Gates v. City of Dallas*, 704 S.W.2d 737, 739 (Tex. 1986) (defining proprietary functions as those "performed by a city, in its

6

discretion, primarily for the benefit of those within the corporate limits of the municipality"); TEX. CIV. PRAC. & REM. CODE ANN. § 101.0215(b) (same).

Conversely, other units of government in Texas exclusively perform governmental functions. *See, e.g.*, *VIA Metro. Transit. v. Meck*, 620 S.W.3d 356, 365 (Tex. 2020) (explaining that "because [the public transit authority] only performs governmental functions, governmental immunity protects [it] unless the legislature has waived immunity"); *Wasson*, 489 S.W.3d at 430 n.3 (explaining that school districts "perform no proprietary functions which are separate and independent of their governmental powers" (cleaned up) (quoting *Braun v. Trs. of Victoria Indep. Sch. Dist.*, 114 S.W.2d 947, 950 (Tex. App.—San Antonio 1938, writ ref'd))); *Vela v. Cameron Cnty.*, 703 S.W.2d 721, 724 (Tex. App.—Corpus Christi–Edinburg 1985, writ ref'd n.r.e.) ("The distinction between proprietary and governmental functions does not apply to counties [because] [a] county does not perform any proprietary functions." (citing *Turvey v. City of Houston*, 602 S.W.2d 517, 519 (Tex. 1980))).

Regional Education Service Centers like ESCR2 are the middle rung of Texas's three-tiered education system, between local school districts and the Texas Education Agency and State Board of Education. *San Antonio Indep. Sch. Dist. v. McKinney*, 936 S.W.2d 279, 282 (Tex. 1996); *see* TEX. EDUC. CODE ANN. §§ 8.001–.124. Because ESCR2 is not a municipality, Barrera's reliance on the proprietary-governmental dichotomy is misplaced. *See Wasson*, 489 S.W.3d at 430 n.3; TEX. CIV. PRAC. & REM. CODE ANN. § 101.0215.

7

## C.  No Procedural Defects

Barrera also argues that ESCR2 impermissibly raised its jurisdictional challenge in a noncompliant Rule 91a motion instead of a motion for summary judgment. According to Barrera, ESCR2 failed to timely request or receive a ruling under Rule 91a. *See* TEX. R. CIV. P. 91a.3(a), (c) (establishing a sixty-day deadline for a defendant to file a motion to dismiss a baseless cause of action, and a forty-five-day deadline for the trial court to rule on the motion).

We have reviewed the record, and ESCR2's "Plea to the Jurisdiction" is exactly what it purports to be—a challenge to the trial court's subject-matter jurisdiction supported by jurisdictional evidence. "The absence of subject-matter jurisdiction may be raised by a plea to the jurisdiction, as well as by other procedural vehicles, such as a motion for summary judgment." *Bland Indep. Sch. Dist.*, 34 S.W.3d at 554 (citing *Texas Dep't of Transp. v. Jones*, 8 S.W.3d 636, 637 (Tex. 1999) (per curiam); *NME Hosps., Inc. v. Rennels*, 994 S.W.2d 142, 144 (Tex. 1999)). A plea to the jurisdiction "may challenge the pleadings, the existence of jurisdictional facts, or both." *Alamo Heights*, 544 S.W.3d at 770. When "a plea to the jurisdiction challenges the existence of jurisdictional facts, [courts] consider relevant evidence submitted by the parties when necessary to resolve the jurisdictional issues raised." A challenge to a court's subject-matter jurisdiction may be raised at any time. *Waco Indep. Sch. Dist. v. Gibson*, 22 S.W.3d 849, 850 (Tex. 2000) ("[S]ubject matter jurisdiction challenges cannot be waived . . . and may be raised for the first time on appeal." (citing *Tex. Air Control Bd.*, 852 S.W.2d at 445). Simply put, there were no procedural impediments to the trial court granting ESCR2's plea to the

8

jurisdiction.

**D.     No Joint Enterprise**

Finally, although she disclaims that she pleaded a claim under the TTCA, Barrera simultaneously argues for the first time on appeal that Nueces County and Global formed a joint enterprise through the management agreement, and in turn, ESCR2 joined their joint enterprise through the license agreement. If correct, ESCR2 would be vicariously liable for Nueces County's premises defects during the conference. There are no allegations of a joint enterprise in Barrera's live pleading, so we interpret her argument as a request for an opportunity to replead. We determine that repleading would be futile because the record conclusively establishes that no joint enterprise between Nueces County and ESCR2 existed. *Cf. Rusk State Hosp. v. Black*, 392 S.W.3d 88, 96 (Tex. 2012) (explaining that when a governmental entity raises a jurisdictional issue for the first time on appeal, the suit should be dismissed without an opportunity to replead if the live pleadings or record conclusively negate jurisdiction).

When two governmental entities form a joint enterprise, one entity's liability for premises defects can be imputed to the other entity under the TTCA. *Tex. Dep't of Transp. v. Able*, 35 S.W.3d 608, 612–13 (Tex. 2000) (concluding that because § 101.021(2) waives immunity for premises defect claims to the same extent that a private person would be liable under Texas law, governmental entities are susceptible to vicarious liability for joint enterprises); *see* TEX. CIV. PRAC. & REM. CODE. ANN. § 101.0211 (providing exclusions and limitations on the vicarious liability of joint enterprises under the TTCA). Of course, to reach the second governmental entity, the plaintiff must establish a valid

9

premises defect claim against the first governmental entity. *See Able*, 35 S.W.3d at 612–13.

We need not decide whether Barrera has pierced Nueces County's immunity with a valid premises defect claim because we conclude there is no joint enterprise between ESCR2 and Nueces County. Even if we assume that Nueces County and Global formed a joint enterprise through their management agreement, nothing in the license agreement suggests that ESCR2 joined the enterprise.

A joint enterprise requires: (1) an agreement, express or implied, among the members of the group; (2) a common purpose to be carried out by the group; (3) a community of pecuniary interest in that purpose among the members; and (4) an equal right of control over the enterprise. *Id.* at 613 (citing RESTATEMENT (SECOND) OF TORTS § 491 cmt. c (1965)). Here, the license agreement reflects a basic exchange of goods and services for money. By its very nature, a license only grants the licensee "authority to do a particular act, or series of acts, upon another's land, without possessing any estate therein." *Baby Dolls Topless Saloons, Inc. v. Sotero*, No. 20-0782, 2022 WL 815825, at *2 (Tex. Mar. 18, 2022) (per curiam) (quoting *License*, BLACK'S LAW DICTIONARY (11th ed. 2019)). As ESCR2 puts it, the license agreement is "no more a joint enterprise than a mother who pays to rent Chuck E. Cheese for her child's birthday party or a bride and groom who rent a hall for their wedding." Without a joint enterprise between Nueces County and ESCR2, there is no basis to impute Nueces County's potential premises liability to ESCR2. *See Able*, 35 S.W.3d at 612–13; TEX. CIV. PRAC. & REM. CODE ANN. § 101.021(2).

10

In sum, a governmental entity is immune from suit unless the Legislature waives immunity or some limited exception applies. Barrera has not established a waiver or exception to ESCR2's immunity. Accordingly, the trial court erred when it denied ESCR2's plea to the jurisdiction.

## IV.    CONCLUSION

We reverse the judgment of the trial court and render a judgment dismissing Barrera's suit against ESCR2 for want of jurisdiction.

GINA M. BENAVIDES
Justice

Delivered and filed on the
14th day of April, 2022.